ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| GABRIELA TORRES SANTIAGO, Recurrida, v. JOSHUA FRANK MARTÍNEZ SABATER, Peticionaria. | TA2026CE00214 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Bayamón. Civil núm.: BY2025MU01910. Sobre: violencia doméstica (Ley 54). |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2026.

El viernes, 13 de febrero de 2026, el señor Joshua F. Martínez Sabater (señor Martínez) presentó por derecho propio este recurso discrecional de *certiorari*, con el fin de que dejemos sin efecto la *Orden de Protección* emitida el 12 de enero de 2026, notificada en esa misma fecha.

Evaluado el escrito presentado por el señor Martínez y prescindiendo de la comparecencia de la parte recurrida[1], desestimamos el recurso por este haberse presentado fuera del término de cumplimiento estricto consignado en la Regla 32(C) del Reglamento de este Tribunal.

I

El 19 de diciembre de 2025, el Tribunal de Primera Instancia, Sala Municipal de Toa Alta, emitió una *Orden de Protección Ex Parte*[2] a favor de la señora Gabriela Torres Santiago (señora Torres)[3]. En ella, el tribunal

---

[1] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 215 DPR ___ (2025).

[2] La orden fue emitida al amparo de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54-1989, según enmendada, 8 LPRA sec. 601, *et seq.*

[3] Conforme surge de la orden, el señor Martínez y la señora Torres sostuvieron una relación consensual intermitente por unos dos años. Fruto de esta relación, nació una niña. Allá para agosto de 2025, el señor Martínez presentó una demanda para que el Tribunal de Primera Instancia fijara la custodia legal de la menor; la señora Torres adujo que, a partir de entonces, el señor Martínez comenzó un patrón de maltrato e intimidación.

prohibió, entre otras cosas, que el señor Martínez se acercase o se comunicase con la señora Torres. Además, el tribunal ordenó la suspensión provisional de las relaciones paternofiliales. Finalmente, el foro primario ordenó la celebración de una vista presencial para el 12 de enero de 2026.

El 12 de enero de 2026, los señores Martínez y Torres comparecieron a la vista. Evaluada la petición y la prueba desfilada, el foro primario concluyó que existían motivos suficientes para expedir una orden de protección a favor de la señora Torres, por lo que prohibió al señor Martínez acercarse, molestar, intimidar o amenazar a la señora Torres, entre otros. Además, suspendió provisionalmente las relaciones paternofiliales, **hasta que la Sala de Relaciones de Familia otra cosa dispusiera**.

La orden de protección entró en vigor el 12 de enero de 2026, y tendría una vigencia de un año, o hasta el 12 de enero de 2027.

Inconforme, el señor Martínez presentó una solicitud de reconsideración el 11 de febrero de 2026; es decir, fuera del término jurisdiccional de 15 días dispuesto en la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V.

De otra parte, dos días después, el viernes, 13 de febrero de 2026, el señor Martínez presentó este recurso.

En la misma fecha, el señor Martínez presentó una moción informativa cuyo fin fue justificar la presentación tardía de su recurso[4]. En síntesis, adujo que había solicitado la regrabación de la vista celebrada el 12 de enero de 2026, lo cual conllevó tiempo y esfuerzo. Además, que el término para comparecer ante nos "aparentaba" ser de 30 días, pero que, entre una cosa y otra, pudo presentar el recurso el 13 de febrero.

II

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal

---

[4] El término para instar este recurso venció el miércoles, 11 de febrero de 2026.

asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). Por su parte, la Regla 83(C) del Reglamento del Tribunal de Apelaciones nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83(B)(1) provee para la desestimación de un recurso por falta de jurisdicción.

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto[5]. *Febles v. Romar,* 159 DPR 714, 722 (2003).

---

[5] Apuntamos que la doctrina dispone que, a diferencia de un término jurisdiccional, un **término de cumplimiento estricto se puede extender**. Sin embargo, esto solo se puede hacer cuando la parte que lo solicita demuestra justa causa para la tardanza. Conforme ha dispuesto el Tribunal Supremo de Puerto Rico, "[l]a acreditación de justa causa se hace

III

Un examen del trámite del recurso que nos ocupa revela que el señor Martínez no presentó su recurso oportunamente; es decir, dentro del término de cumplimiento estricto de 30 días, computado a partir de la notificación de la orden de protección cuya revisión solicita.

Según discutido previamente, el foro primario emitió la orden de protección el 12 de enero de 2026 y, conforme surge de la faz de la orden, como el señor Martínez compareció a la vista celebrada de manera presencial, quedó notificado de su expedición en corte abierta.

No obstante, el señor Martínez optó por hacer gestiones para conseguir la regrabación de la vista y dejó pasar el tiempo para instar su recurso. De hecho, su moción informativa para intentar justificar su demora tampoco satisface los criterios establecidos por el Tribunal Supremo de Puerto Rico, que nos permita concluir que medió justa causa para la presentación tardía del recurso.

Independientemente de que compareciera por derecho propio, el señor Martínez tenía la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario. Por último, recordemos que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales.

Consecuentemente, nos es forzoso concluir que el recurso de *certiorari* no se perfeccionó conforme a la reglamentación aplicable y ello nos privó de jurisdicción para atenderlo en sus méritos. A la luz de que la falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela cuando no la hay, nos vemos privados de autoridad para entender en la controversia que se nos propone.

---

con explicaciones concretas y particulares – debidamente evidenciadas en el escrito – que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa." *Febles v. Romar*, 159 DPR, a la pág. 720; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 565 (2000).

## IV

Conforme a lo antes expuesto, desestimamos el recurso ante nuestra consideración por falta de jurisdicción, dada su presentación tardía.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones